FILED
SUPERIOR COURT
OF GUAM

2020 JAN -6 PM 4:28

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0684-19 |
| vs. | DECISION AND ORDER |
| JOSEPH MARC THOMAS DUENAS CASTRO, JR. aka Joseph Marc T.D. Jr. Castro, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 2, 2020, for hearing on Defendant Joseph Marc Thomas Duenas Castro, Jr. aka Joseph Marc T.D. Jr. Castro's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or Third-Party Custodian ("Motion for Bail Redetermination"). Defendant was present with counsel, Assistant Public Defender Kristine Borja and Assistant Attorney General Renaida San Nicolas was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 2, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On December 26, 2019, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony) and (2) Violation of a Court Order (As a Misdemeanor).

*People v. Castro*
Case No. CF0684-19
Decision and Order

(Indictment, Dec. 26, 2019). These charges stem from allegations that Defendant downloaded a tracking application on his girlfriend Ms. Elaine Maw Borreta's cell phone and that he "jabbed" her with his right hand, striking her on the left side of her jaw. (Decl. of Alysa Draper-Dehart, Magistrate's Compl., Dec. 16, 2019). At the time of the alleged offenses, Ms. Borreta had an active stay away no contact order in PO0084-18, which expires on August 21, 2020. *Id.*

On December 18, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Dec. 16, 2019. The Government did not file a response to the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollar ($3,000.00) cash bail. *See generally,* Mot. Bail Redetermination, Dec. 18, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping

the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is from Santa Rita village, is a U.S. Citizen and has strong family ties to Guam including minor children with the alleged victim. (Mot. Bail Redetermination at 2). Defendant also acknowledges that he has a prior criminal case with the same victim, CF0294-17, but notes that he received and completed counseling with Client Services and Family Counseling pursuant to his Plea Agreement and Judgment in that matter.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with Defendant's self-restraint and ability to follow Court orders. Although contact was allowed pursuant to the Plea Agreement in CF0294-17, Defendant was still ordered not to threaten, physically assault, strike, or injure Ms. Boretta. Defendant is now accused of striking Ms. Boretta in the face. (Decl. of Alysa Draper-Dehart, Magistrate's Compl., Dec. 16, 2019). Further, in August 2018, several months after Defendant's change of plea in CF0294-17, a Protective Order was entered against Defendant by Ms. Boretta in PO0084-18, enjoining and restraining Defendant from threatening, abusing, harassing or disturbing the peace of Ms. Boretta, placing a 500 foot stay away, and prohibiting contact. Although the Protective Order included an exception for contact, contact was still restricted in that it was to be "via text message solely for issues concerning the minor children." (Order of Protection at 2, PO0084-18, Aug. 24, 2018).

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** *nunc pro tunc* to January 2, 2020, this ___JAN 0 6 2020___ .

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

_A6, PDSC_

Date _1-6-20_ Time _5pm_

Deputy Clerk, Superior Court of Guam

*People v. Castro*
Case No. CF0684-19
Decision and Order